**LAW OFFICES OF GARY R. CARLIN, APC**
GARY R. CARLIN, CSBN: 44945
gary@garycarlinlaw.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile: (562) 435-1656

Attorneys for Plaintiffs:
GWYN CARLIN, individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWYN CARLIN, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs<br><br>KOHL'S, INC., a Delaware corporation,<br><br>Defendants. | Civil Docket No.: 8:23-cv-2195<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violations of Unfair Business Practice Act - California Business and Professions Code §17200 et seq.:<br><br>(2) Unjust Enrichment;<br><br>[Plaintiffs Demand a **Trial** by **Jury**] |

Plaintiffs, by their undersigned attorneys, for their Class Action Complaint (Complaint) against Defendant, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) (2). The aggregate claims of all members of the proposed class and subclass(es) are in excess of $5 million, exclusive of interest and costs, and there are more than 1,000 putative Class members. Many members of the proposed class are citizens of a state diverse from Defendant.

2. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District where KOHL'S INC., distributed, marketed, advertised, and sold the trading services, which are the subject of the present complaint.

3. Plaintiff resides within the jurisdiction of the United States District Court, Central District of California, Southern Division.

4. This Court has personal jurisdiction over Defendant because they are authorized to do business and conduct business in California, as they have specifically marketed, advertised, and made substantial sales in California, and have sufficient minimum contacts with this state and/or sufficiently availed themselves to the markets of this state through their promotions, sales, and marketing within this state to render the exercise of jurisdiction by this Court permissible

# PARTIES

5. Plaintiff GWYN CARLIN (hereinafter "Plaintiff") was and is a citizen of California and lives in the County of Orange.

6. Class members are all those members of the public who are similarly situated as the named Plaintiff.

7. Defendant, KOHL'S, INC. (hereinafter "KOHL'S"), is a Delaware Corporation with its principal place of business located at N56W17000 Ridgewood Drive, Menomonee Falls, WI 53051.

# FACTUAL ALLEGATIONS

8. KOHL'S is a multi-state retailer with over 1100 stores in 49 states with 28 stores in California alone. They have a large online presence at Kohls.com and conduct a large amount of business online and in-store to the general public. KOHL'S sells consumer products ranging from clothing to home good to children's toys.

9. Through its online sales, KOHL'S assesses taxes based on the destination pursuant to California law. Every locality in California assesses sales tax at its own local tax rate. KOHL'S assesses taxes in California based on its local rate.

10. On December 7, 2019, Plaintiff purchased three items of women's apparel from KOHL'S for a total of 44.97 before tax. On this transaction she was assessed 7.75% pursuant to the local tax rate of Tustin, California.

11. On December 8, 2019, Plaintiff purchased another item of women's apparel from KOHL'S for 29.99 before taxes and was assessed a 9.25% sales tax, the incorrect amount for Tustin, California.

12. Plaintiff then noticed that she had been assessed the incorrect tax rate of 9.25% on December 24, 2019 and January 26, 2019. Plaintiff is unable to determine the amount of times she was assessed the incorrect taxes on her items over the years shopping at Defendants online store.

13. Plaintiff then called KOHL'S at its customer service line at 1-866-887-8884 and spoke to a representative regarding the incorrect tax assessment. The representative could not explain the discrepancy in the tax assessment and said that taxes are assessed at checkout automatically.

14. Defendant is informed and believes that the assessment of taxes is automated at online checkout and have been assessed incorrectly against defendant and class members countless times causing millions of dollars in damages for many online transactions.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs bring claims pursuant to Federal Rules of Civil Procedure Rule 23 (a) and (b)(3) on behalf of the following Class, as defined below: All PLAINTIFFS and each of them, are consumers who were assessed incorrect sales taxes on products KOHL'S sold. Plaintiffs were shorted monies on all transactions where taxes were assessed at higher rates than their destination-based rates required.

16. This action has been brought and may properly be maintained as a class action against DEFENDANT and each of them, pursuant to the provisions of Federal Rules of Civil Procedure Rule 23 (b) and (c)(4).

17. **Numerosity:** The precise number of members of the proposed Class is unknown to Plaintiffs at this time, but, based on information and belief, Class

members are so numerous that their individual joinder herein is impracticable. Based on information and belief and publicly available reports, Class members number in the hundreds of thousands. Subclass members are likely in the hundreds. All Class and Subclass members may be notified of the pendency of this action by reference to DEFENDANTS and each of their records or by other alternative means.

18.     **Commonality:** Numerous questions of law or fact are common to Plaintiffs' claims and members of the proposed Class. These common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. These common legal and factual questions include, but are not limited to the following:

a.     Whether KOHL'S withheld monies by assessing higher taxes purposefully to harm their customers' positions in monies and benefit their own potential financial gains.

19.     **Typicality:** The claims of the named Plaintiffs are typical of the proposed Class's claims in that the named Plaintiffs were customers who were assessed higher taxes than the law requires and as a result KOHL'S, and each, of their wrongful conduct.

20.     **Adequate Representation:** Plaintiffs will fairly and adequately represent the Class's interests in that he has no conflicts with any other Class members. Plaintiffs have retained competent counsel experienced in prosecuting complex class actions, including those involving financial services, and they will vigorously litigate this class action.

21.     **Predominance and Superiority**: There is no plain, speedy, or adequate remedy other than maintaining this class action. A class action is superior to other available means, if any, for the fair and efficient adjudication of this controversy. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant. Additionally, given the relatively modest damages sustained by most individual members, few, if any, proposed Class members could or would sustain the economic burden of pursuing individual remedies for KOHL'S and each of their wrongful conduct. Treatment as a class action will achieve substantial economies of time, effort, and expense and provide comprehensive and uniform supervision by a single court. This class action presents no material difficulties in management.

22.     Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(A) because the prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which may produce incompatible standards of conduct for Defendants.

23.     Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(B) because the prosecution of separate actions by individual members of the proposed Class would create a risk of adjudications with respect to individual Class members, which may, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

24.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as DEFENDANTS, and

each of them have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive, declaratory, or equitable relief appropriate with respect to the Class as a whole.

25. Class action certification is also warranted under Fed. R. Civ P. 23(b)(3) because questions of law or fact common to the class members predominate over any questions affecting only individual members, and a Class action is superior to other available remedies for the fair and efficient adjudication of this controversy. The amount of damages available to the individual Plaintiffs are insufficient to make litigation addressing DEFENDANTS, and each of their conduct economically feasible for most in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system presented by the case's legal and factual issues. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

26. Class action certification is also warranted under Fed. R. Civ P. 23(c)(4) because questions of law or fact common to the Class members may be certified and decided by this Court on a class-wide basis.

## CAUSE OF ACTION I
## VIOLATIONS OF UNFAIR BUSINESS PRACTICE ACT- CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 et seq. AGAINST DEFENDANTS

27. Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

28. California Business & Professions Code § 17200 at seq., also known

as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading adverting."

29. Defendant engaged in the practice of "unfair competition" through their "unfair, fraudulent, and deceptive" business practice of overcharging customers as alleged in paragraphs 8 through 14 where defendant knowingly assessed higher taxes than required by the localities of the consumers destination. The over-taxing was unlawful, unfair and fraudulent and DEFENDANTS made it knowingly or should have known they were engaged in this practice.

30. Unfair Conduct: At all times mentioned herein, KOHL'S engaged in "unfair" business practices because its conduct was immoral, unethical, oppressive, unscrupulous and substantially damaging to PLAINTIFFS. Specifically, and without limitation, the particular offensive conduct includes: KOHL's overcharging customers by assessing a higher tax rate than required by the state's local tax rates.

31. Fraudulent Conduct. At all times mentioned herein, KOHL'S engaged in "fraudulent" business practices because members of the public are likely to be deceived as a result of the conduct alleged herein

32. DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm. These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

## CAUSE OF ACTION II
## UNJUST ENRICHMENT
## AGAINST DEFENDANTS

33. Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

34. Plaintiffs are informed and believe, and on that basis allege, that Defendants improperly assessed taxes on a higher rate than their localities required by law.

35. As a result of Defendant's wrongful conduct, Defendants have been unjustly enriched at the expense of Plaintiffs and have unjustly retained the benefits of their wrongful conduct.

36. As a direct and proximate result of Defendant's unlawful business practices, Plaintiffs have suffered, damages, including overcharged taxes, attorneys' fees, costs, and expenses. Plaintiffs are entitled to a constructive trust and restitution of the amounts wrongfully taken and retained by Defendants at Plaintiffs' expense.

**REQUEST FOR RELIEF:**

1. Enter an immediate injunction requiring KOHL's to assess the correct taxes for each of its consumers;
2. Certify a Class of Plaintiffs similarly situated to the named representative;
3. Compensatory damages in excess of $75,000;
4. Enter an award for attorneys fees and costs;
5. Enter an award for punitive damages for the willful, wanton, and reckless behavior of Defendants; and,

6. For restitution of the money wrongfully retained by Defendants as wrongful acts in an amount proven at trial.

7. Any other relief this Court deems just and fit.

Respectfully Submitted,

Dated: November 13, 2022         LAW OFFICES OF GARY R. CARLIN, APC

By: _____
Gary R. Carlin,
Attorneys for Plaintiff,
GWYN CARLIN

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Respectfully Submitted,

Dated: November 13, 2022   LAW OFFICES OF GARY R. CARLIN, APC

By: _____
Gary R. Carlin,
Attorneys for Plaintiff,
GWYN CARLIN